UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY YOUNG, | ) |
|        Petitioner, | ) |
|        v. | ) No. 1:20-cv-00513-JRS-DLP |
| WENDY KNIGHT, | ) |
|        Respondent. | ) |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Anthony Young petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number CIC 19-09-0084. For the reasons explained in this Order, Mr. Young's habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

**B.     The Disciplinary Proceeding**

On September 8, 2019, Indiana Department of Correction (IDOC) Correctional Sergeant D. Rogers wrote a Report of Conduct charging Mr. Young with use or possession of a controlled substance, a violation of the IDOC's Adult Disciplinary Code offense B-202. The Report of Conduct states:

> On 9-8-2019, at 12:39 am, I Sgt. D. Rogers, w/m, reported to the 5 range of D-Unit to observe Offender Young, Anthony # 123925 1A-5D w/m, because he was acting in an intoxicated manner. When I reported to the unit, I went to the 5 Range where I encountered Offender Young, bent over and attempting to get into a [g]rey box. I spoke to him several times before he realized that I was talking to him. As soon as Offender Young looked at me I Noticed that he had extremely red eyes and his pupils were dilated. Offender Young had a blank stare and when I asked him if he was messed up he shook his head yes. I then ordered Offender Young to come with me to the control area. Offender Young was slow in reaction and his gate while walking was wobbled. When we got to the control area. I then had Offender Young sit down. I then asked him what he had taken. Offender Young said that he wasn't sure because all he had done was smoke tobacco, that was rolled inside of brown paper.

Dkt. 7-1.

Mr. Young was notified of the charge on September 11, 2019, when he received the Screening Report. Dkt. 7-2. He pled not guilty to the charge, asked for two offenders and a medical staff nurse as witnesses, and requested the video recording.

Sergeant T. Roberts, a witness to the incident, provided a written statement:

> On 9/8/2019 at approximately 12:39am Offender Anthony Young Doc 123925 1A-5D was brought up to the control area by Sgt. D. Rogers to be checked for drug or alcohol use. While he was up here talking he admitted to smoking "something." I, Sgt. T. Roberts, could hear he was slurring his words and saw him stumbling when he was walking.

Dkt. 7-7.

Offender S. Poitan was asked to answer the question posed by Mr. Young. His written statement was:

> What was I doing in the T.V. Room when the Sgt. came in?
> Getting food out [of] your box to make something to eat.

Dkt. 7-8.

Offender J. Mahurin was also asked to answer the same question posed by Mr. Young. His written statement was:

> What was I doing in the TV Room when the Sgt. came in?
> He wasn't High, He was getting in his box to make something to eat.

Dkt. 7-9.

The report from the medical examination was used as Nurse Lisa Ball's witness statement:

> Offender brought to medical for evaluation per custody request. Ambulates with normal gait; denies and c/o or issues at this time. Advises "I smoked some tobacco about 1/2 hour ago" A/O x 3; answers questions appropriately. B/P: 134/80, AR-84 regular, Resp: 14 even/unlabored, no accessory muscle use noted. T: 98.1, Ox sat: 98% room air; PERLA; Skin: warm/dry. No distress observed. NKDA. If any problems develop, advise custody. Offender left medical with custody at 12:53 am.

Dkt. 7-10.

> I, Sgt. S. Napper reviewed the video footage for case number: CIC 19-09-0084. I observed offender Anthony Young 123925 in the 5 range of D-Unit (1/3 TV room). Offender Young is pacing thoughout the TV room, wobbly on his feet and obsessively scratching his belly and back area. When a staff memb. approaches the TV room Young pretends to be getting into his property box, but stands and exits with the staff member to the control area. Once in the control area Young sits down in a chair where his movements are exaggarated [sic] and his eyelids look very heavy or hard for him to keep open. He does walk out of the unit unassisted.

Dkt. 7-11 (capitalization corrected).

The disciplinary hearing was held on October 7, 2019. Mr. Young's statement in his defense was "I don't know why they came into get me. I was getting in my box to get me and my bunkies something to eat. I haven't used any substances in 3 years. I asked for a drug test, they wouldn't give me one." Dkt. 7-6. The hearing officer took into consideration Mr. Young's statement, the witness statements, the video evidence, the medical report, and the conduct report and found

Mr. Young guilty of the use or possession of a controlled substance. *Id.* The hearing officer wrote out a detailed foundation for the decision:

> Medical Admin note used as RN Lisa Ball's witness statement. Ofd. Young admitted to "smoking" to Sgt. Rogers, Lisa Ball and Sgt. Roberts. Video shows Young acting abnormal supporting the Conduct Report and a guilty finding.

*Id.* The sanctions imposed included a sixty-day loss of earned credit time. *Id.*

Mr. Young unsuccessfully appealed to the Facility Head. Dkt. 7-12. He then appealed to the IDOC Final Reviewing Authority, where his charge was modified to a B-231 violation for being under the influence of any intoxicating substance. Dkt. 7-13. The sanctions were not modified. *Id.* Mr. Young then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Warden filed his return to the Order to Show Cause, answering Mr. Young's grounds for habeas corpus relief. Dkt. 7. Mr. Young did not file a reply.

**C.     Analysis**

Mr. Young asserts four grounds for habeas corpus relief. First, he argues there was no unauthorized substance noted in the conduct report, only an assertion that he was acting in an intoxicated manner. Second, Mr. Young argues, he was found by Nurse Ball to be acting normally without visible distress. Third, he argues that there is no evidence to support a B-202 offense, but concedes there was evidence to find him guilty of possession or use of tobacco, a C-305 offense. Fourth, Mr. Young again asserts there was no evidence to prove he was intoxicated. Dkt. 1.

The Warden argues that all four of Mr. Young's grounds are relief challenge the sufficiency of the evidence. Dkt. 7 at 7. The Court agrees. Mr. Young does not identify or assert any due process violation except that there was no evidence to support the conviction. He does so with four arguments or assertions, not separate due process violations. The Court therefore construes Mr. Young's petition as based on a single argument of insufficient evidence.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

In assessing whether there is *some* evidence – *any* evidence – the Court does not re-weigh the evidence nor does it assess the credibility of any witnesses. *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) ("It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision."); *Hill*, 472 U.S. at 455 (noting that the "some evidence" standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence"). The Seventh Circuit has "characterized the 'some evidence' standard as a 'meager threshold.' . . . Once that threshold is crossed, we will not reverse." *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011) (quoting *Scruggs*, 485 F.3d at 941). Here, the conduct report provides *some* evidence to support the hearing officer's decision. Thus, the meager threshold of evidence sufficiency has been crossed, signaling the end to this Court's review.

Mr. Young has repeatedly argued there was no evidence to support the disciplinary charge. But there was. The conduct report, by itself, provides sufficient evidence. The evidence that appears exculpatory – the nurse's medical assessment, another offender in the TV room at the time,

and the lack of any physical evidence – was considered by the hearing officer. It is the sole province of the hearing officer, and not this Court, to decide which side to believe when contradictory evidence exists.

Habeas corpus relief is denied.

### D.     Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Young to the relief he seeks. Accordingly, Mr. Young's petition for a writ of habeas corpus challenging disciplinary action number CIC 19-09-0084 is **denied** and this action is dismissed with prejudice.

Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: ___10/20/2020___

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Anthony Young
123925
Pendleton - Correctional Industrial Facility
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, IN 46064

Monika P. Talbot
Indiana Attorney General
monika.talbot@atg.in.gov